IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: WANDA SEARS, | ) | |
| | ) | CASE NO. 03-03328-WSR-7 |
| Debtor. | ) | |
| | ) | CHAPTER 7 |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| VALLEY BANK, N.A. | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 05-07080 |
| WANDA SEARS, | ) | |
| Defendant. | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Motion to Dismiss filed by the Debtor, Wanda Sears, seeking dismissal of the Complaint to Determine Dischargeability and to Deny Discharge ("the Complaint") filed by Valley Bank, N.A. ("Valley Bank"). The particular question raised by the Motion is whether Valley Bank filed the Complaint within the prescribed time period allowed under the Federal Rules of Bankruptcy Procedure. For the reasons noted below, the Court concludes that the Complaint was untimely filed and will sustain the Motion to Dismiss.

## FINDINGS OF FACT

The Debtor filed a voluntary Chapter 7 petition on August 5, 2003. In accordance with 11 U.S.C. §341(a), the first meeting of creditors was set for September 4, 2003 and November 3, 2003 was established as the final date on which creditors could file complaints objecting to the Debtor's discharge or seeking a determination of their debts' dischargeability. On August 8, 2003, notice of the Chapter 7 case, including the date of the §341 meeting and the deadline for filing complaints, was sent to Valley Bank. On May 6, 2004, Valley Bank filed a proof of claim, containing the unsecured claims that are the subject of the Complaint. It failed, however, to file a complaint objecting to discharge or seeking to except from the discharge the debt owed to it within the permissible period.

Upon the Debtor's motion, the Debtor's Chapter 7 case was converted to a Chapter 13 case on July 14, 2004. Notice of the conversion was sent to Valley Bank on July 16, 2004. This notice contained the November 18, 2004 deadline for filing a proof of claim. On January 11, 2005, the Debtor filed a motion to reconvert her case to Chapter 7, which was granted by this Court's order of the same date. Notice of the reconversion was sent to Valley Bank on March 26, 2005 stating the deadline to file a complaint objecting to discharge of the debtor or to determine dischargeability of certain debts was June 20, 2005.

Valley Bank then filed the current Complaint on June 17, 2005 asking the Court to adjudicate its claim nondischargeable pursuant to 11 U.S.C. §523(a).[1] The Complaint alleges the Debtor completed a materially false financial statement for the purpose of extending and renewing

---

[1] The Complaint also sought a judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727. However, Valley Bank's counsel conceded at the hearing that this claim is time-barred pursuant to Fed. R. Bankr. P. 4004(a). Consequently, the Court will not address this issue.

her credit with Valley Bank by intentionally overstating her net income. Furthermore, the Complaint alleges Valley Bank reasonably relied on the financial statement in extending the Debtor credit. The Debtor filed her Motion to Dismiss on July 15, 2005. The Debtor cites Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6) as her ground for dismissal. Valley Bank did not file a response to the Motion to Dismiss. Its counsel argued at the hearing before the Court that its dischargeability claim was timely filed under Fed. R. Bankr. P. 4007(b) and that the notice of reconversion sets the deadline to file a complaint to determine dischargeability of certain debts for June 20, 2005. A hearing was held on the matter August 22, 2005 and it is now ready for decision.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of the dischargeability of a debt and denial of the discharge to a debtor are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

Rule 4007(b) of the Federal Rules of Bankruptcy Procedure, on which Valley Bank relies, states "[a] complaint other than under §523(c) may be filed at any time." 11 U.S. C. §523(c)(1) provides

> the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

Valley Bank's complaint seeks a determination of dischargeability under 11 U.S.C. §523(a)(2)(B) which provides for nondischargeability of any debt

> (2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by -
> . . . .
> > (B) use of a statement in writing -
> > > (i) that is materially false;
> > > (ii) respecting the debtor's or an insider's financial condition;
> > > (iii) on which the creditor to whom the debtor is liable for such
> > money, property, services, or credit reasonably relied; and
> > > (iv) that the debtor caused to be made or published with intent to
> > deceive . . . .

Consequently, Valley Bank's complaint arises under 11 U.S.C. §523(c) and is governed by Rule 4007(c), not Rule 4007(b) as argued by Valley Bank. Rule 4007(c) provides

> A complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

The sixty-day period for filing dischargeability complaints runs from the first date set for the meeting of creditors. *See* Kelly v. Gordon *(In re* Gordon*)*, 988 F.2d 1000, 1001 (9th Cir. 1993). In this case, Valley Bank was required to file its §523(c) complaint by November 3, 2003. Nevertheless, Valley Bank asserts that its complaint was timely because the notice to creditors mailed after the reconversion of the case to Chapter 7 specified a June 20, 2005 deadline date for such complaints.

Rule 1019(2) supports the conclusion that Valley Bank's complaint, in light of the Debtor's conversion to Chapter 13 and subsequent reconversion to Chapter 7, was not timely filed.

> When a . . . chapter 13 case has been converted or reconverted to a chapter 7 case:
>
> . . . .
>
> (2) A new time period for filing . . . a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rule[] . . . 4007, provided that *a new time period shall not commence* if a chapter 7 case had been converted to a chapter . . . 13 case and thereafter reconverted to a chapter 7 case and the time for filing . . . a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

Fed. R. Bank. Pro. 1019(2) (emphasis added). Here, the Debtor's case was reconverted to a chapter 7 case on January 11, 2005. The deadline for filing a complaint to determine dischargeability of a debt expired on November 3, 2003 in the original Chapter 7 case. Because the time for filing a complaint under the Debtor's original Chapter 7 filing had expired many months before the conversion to Chapter 13, Rule 1019(2) does not provide a new time period for Valley Bank to file a complaint.

11 U.S.C. § 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Time limits for filing nondischargeability complaints are not jurisdictional time limits. *See* Litty v. Litty (*In re Litty*), 1998 U.S. App. LEXIS 15214, *4 (4th Cir. July 8, 1998). Consequently, the Court is not precluded from exercising its equitable powers in extraordinary cases. *See id.; see also* Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 248 (4th Cir. 1994). In this case, Valley Bank could not have detrimentally relied upon the June 20, 2005 bar date contained in the notice of reconversion in filing their complaint because it had been included as a creditor when the original Chapter 7 petition had been filed and had failed to file a complaint within the time allowed by the Bankruptcy Rules; thus the Court will not exercise its equitable powers when the creditor did not rely on an incorrect deadline. An error by the Court's Clerk in the contents of the notice of reconversion to Chapter 7 does not trump the express provisions of the Bankruptcy Rules when

the claimant cannot establish that it lost a right it then had by relying upon such a notice. In this case, Valley Bank did not have any right to file a complaint when the case reconverted to Chapter 7, such right having already been lost by its inaction during the original Chapter 7 phase of the case. This Court is bound by the strict time lines established in the Federal Rules of Bankruptcy Procedure, specifically the plain language of Rule 1019(2). The Court concludes that the Complaint was untimely filed and will sustain the Debtor's Motion to Dismiss by a contemporaneous order.

This 29th day of August, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE